**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NATRALITE FILTERS, INC. AND LTL COLOR COMPOUNDERS, INC.,** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **Civil Action No. 11-01557 (CCC)** |
| **v.** | : | |
| | : | **OPINION** |
| **REXEL, INC.; SUMMERS GROUP, INC.; DAVID MULLANE; R&R PLASTICS, INC.; ROSARIO RUSSELL CORONA; AND SERGIO VALENTE,** | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**CECCHI**, **District Judge.**

This matter comes before the Court by way of two motions to dismiss Plaintiffs' Complaint ("Complaint"). The motions were filed by Defendant R&R Plastics, Inc. ("R&R") and Defendants Corona and Valente, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motions. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, the motion to dismiss on behalf of Defendant R&R and the motion to dismiss on behalf of Defendants Corona and Valente are granted and Plaintiffs' claims are dismissed without prejudice. Plaintiffs' request for leave to amend their Complaint is granted.

## I.      FACTS AND PROCEDURAL HISTORY

Plaintiff Natralite Filters, Inc. ("Natralite") manufactures, distributes, and sells light filters in the United States and internationally. (Compl. ¶ 20.) Natralite is the owner of the

United States Trademark Registration No. 3,090,644 for the mark NATRALITE for light filters for fluorescent lamps, which was registered on the Principal Register on May 9, 2006. (Compl. ¶ 13, Ex.1.)   According to Natralite, it has used the NATRALITE trademark continuously in commerce in connection with light filters since 1996. (Compl. ¶ 13.)  Natralite light filters are used in shopping centers, department stores, boutiques, museums, libraries, and art galleries. (Compl. ¶¶ 23-24.)  Plaintiff LTL Color Compounders, Inc. ("LTL") supplies Natralite with the compounds used in the manufacturing of NATRALITE light filters for fluorescent lamps. (Compl. ¶ 3.)

Defendants Rexel, Inc. ("Rexel"), and Summers Group, Inc. ("Summers"), are lighting suppliers in the United States.  (Compl. ¶ 4.)  Defendant David Mullane is the President of Capitol Light, which is a subsidiary of Rexel. (Compl. ¶ 5.)  Defendant R&R is a manufacturer and distributor of lighting diffusers and covers. (Compl. ¶ 26.)  Defendant Rosario Russell Corona is the President of R&R Plastics and Defendant Sergio Valente is the Vice President of R&R Plastics.  (Compl.  ¶¶ 7-8.)

Plaintiffs claim that Defendants supplied Marathon Electrical Contractors, Inc. ("Marathon"), a lighting contractor, with light filters using the NATRALITE trademark without authorization from Natralite. (Compl. ¶ 27-33.)  Marathon supplied and installed the light filters it purchased from Defendants at a Starwood Hotel ("Starwood") that was under construction in Homewood, Alabama. (Compl. ¶ 34-37.)  These light filters later failed, melted, and started a fire at the hotel facility. (Compl. ¶ 38, Plaintiffs' Opposition Brief at 2.)  Following the fire, a representative from Starwood contacted Plaintiff under the belief that the light filters were genuine Natralite brand light filters. (Compl. ¶ 39.)

2

Plaintiffs claim that the light filters at the Starwood facility were not authentic Natralite light filters. (Compl. ¶¶ 39, 44.) Plaintiffs further assert that Defendants did not purchase the light filters from Plaintiffs, nor were they licensed to use the technology covered by the patents owned by Plaintiffs. (Compl. ¶ 17, 30.) Plaintiffs also claim that Defendants were not authorized to sell or supply the light filters that were sold to Marathon using the Natralite mark. (Compl. ¶ 32.) With regard to Defendants Corona and Valente, Plaintiffs claim that they are integral to the alleged infringing activities of R&R. (Compl. ¶ 10.)

Plaintiffs filed the instant Complaint on March 14, 2011. On June 28, 2011, Defendant R&R and Defendants Corona and Valente filed motions to dismiss for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6).

## II.    STANDARD OF REVIEW

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S. Ct. at 1949.

The burden of proof for showing that no claim has been stated is on the moving party. *Hedges v. U.S.,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Rockefeller Ctr. Props., Inc.,* 311 F.3d 198, 215 (3d Cir. 2002).

## III.   DISCUSSION

Plaintiffs' Complaint contains claims for trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition under the Lanham Act, common law unfair competition, tortious interference with a contractual relationship, and tortious interference with economic advantage. (*See* Compl. ¶¶ 64-105.) Defendants R&R, Corona, and Valente have moved to dismiss all of Plaintiffs' claims. The Court now considers each motion to dismiss in turn.

### A.   R&R's Motion to Dismiss

#### 1.   Counts One through Four

In counts one and two of the Complaint, Plaintiffs state claims of trademark counterfeiting and trademark infringement, asserting that Defendants used the NATRALITE trademark in violation of the Section 32 of the Lanham Act, 15 U.S.C. § 1114. (Compl. ¶¶ 64-81.) Count three asserts a claim of false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (Compl. ¶¶ 82-89.) Count four asserts a state law claim for unfair competition. (Compl. ¶¶ 90-96.)

In its motion to dismiss, R&R argues that Plaintiffs failed to provide any facts in support of these allegations. (R&R Br. 3.) In particular, R&R claims that it was not a party to any of

4

the transactions at issue and that it has never marketed or distributed any products using the

NATRALITE trademark or any name resembling Plaintiff Natralite's trademark.  (R&R Br. 4.)

The Lanham Act "broadly prohibits uses of trademarks, trade names, and trade dress that

are likely to cause confusion about the source of a product or service.  Infringement law protects

consumers from being misled by the use of infringing marks and also protects producers from

unfair practices by an 'imitating competitor.'" *Moseley v. V Secret Catalogue, Inc.*, 537 U.S.

418, 428 (2003) (citations omitted).  Section 32 of the Lanham Act provides:

> Any person who shall, without the consent of the registrant[,] use in commerce
> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in
> connection with the sale, offering for sale, distribution, or advertising of any
> goods or services on or in connection with which such use is likely to cause
> confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by
> the registrant.

15 U.S.C. § 1114(1)(a)-(b).

Section 43(a) of the Lanham Act provides:

> Any person who, on or in connection with any goods or services . . . uses in
> commerce any word, term, name, symbol, or device, or any combination thereof,
> or any false designation of origin, false or misleading description of fact, or false
> or misleading  representation of fact, which is likely to cause confusion, or to
> cause mistake, or to deceive as to the affiliation, connection, or association . . . or
> as to the origin, sponsorship, or approval of . . . goods, services, or commercial
> activities . . . shall be liable in a civil action by any person who believes that he or
> she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A)-(B)

The Third Circuit has stated that it "measure[s] federal trademark infringement [under

Section 32], 15 U.S.C. § 1114, and federal unfair competition [under Section 43], 15 U.S.C. §

1125(a)(1)(A), by identical standards."  *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,

237 F.3d 198, 210 (3d Cir. 2000).  To prove either trademark infringement under Section 32 or

unfair competition under Section 43(a), a plaintiff must establish that: (1) the mark is valid and

legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services. *Checkpoint Sys., Inc. v. Check Point Software Techs., Inc.*, 269 F.3d 270, 279 (3d Cir. 2001); *A & H Sportswear, Inc.*, 237 F.3d at 210 (citation omitted).

With respect to New Jersey unfair competition law, it is substantially equivalent to the federal unfair competition provision contained in Section 43(a) of the Lanham Act. *See, e.g., Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 105 (3d Cir. 2004); *American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1433 (3d Cir. 1994). Accordingly, a finding of liability under Section 43(a) of the Lanham Act leads to a finding of liability under the New Jersey unfair competition law. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 560-61 (D.N.J. 2002); *Nat'l Football League Prop., Inc. v. N.J. Giants, Inc.*, 637 F. Supp. 507, 519-20 (D.N.J. 1986) (citing *SK & F Co. v. Premo Pharm. Lab., Inc.*, 625 F.2d 1055, 1065 (3d Cir.1980)).

Here, Plaintiff Natralite alleges that it has used the NATRALITE trademark in commerce since 1996 and that the mark has "acquired a secondary meaning so that any product and advertisement bearing such trademark is immediately associated by purchasers and the public as being a product of Natralite." (Compl. ¶¶ 13-14.) Plaintiffs further claim that Defendants, including R&R, supplied Marathon with counterfeit Natralite light filters for installation at the Starwood Hotel. (Compl. ¶ 37.) Plaintiffs assert that by wrongfully using the NATRALITE trademark, Defendants have "benefited and profited from Plaintiffs' outstanding reputation for high quality products." (Compl. ¶ 53.)

Defendants argue that Plaintiffs have not identified any transactions in which R&R sold counterfeit light filters using the NATRALITE trademark. (Def. Br. 4.) In fact, the Complaint

indicates that Rexel, Inc. sold Marathon the light filters that were ultimately used at the Starwood Hotel. (Compl. ¶ 28, Ex. 2.) In their opposition, however, Plaintiffs claim that R&R sold the counterfeit NATRALITE light filters to Rexel. (Pl. Opp. 11-12.) Furthermore, Plaintiffs argue that according to a deposition from Mr. Corona and other documents, including a letter from Rexel's Vice President, R&R had been placed on notice of Plaintiffs' claims. (Pl. Opp. 10-12.) To the extent these additional facts would be sufficient to support Plaintiffs' arguments, Plaintiffs may not amend the complaint through statements made in their opposition brief. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Plaintiffs are, however, permitted to amend their complaint to detail specific facts relating to R&R's use in commerce of the NATRALITE trademark.

## 2. Claims Five and Six

Claims five and six of the Complaint assert causes of action for tortious interference with a contractual relationship and economic advantage. Plaintiffs claim that Defendants "wrongfully and intentionally affected the business relationship between Plaintiffs Natralite and LTL" by "engag[ing] in counterfeiting of goods under Plaintiff Natralite's NATRALITE trademark," which led to the loss of the contract between Plaintiffs NatraLite and LTL. (Compl. ¶¶ 98-100.) Plaintiffs further allege that they "had a reasonable expectation of economic benefit from their business relationship" and that Defendants intentionally interfered with Plaintiffs' economic benefit. (Compl. ¶¶ 102-05.)

In order to establish a claim for tortious interference with a contractual relationship under New Jersey law, the plaintiff must show that: "(1) plaintiff had an existing contract or reasonable expectation of economic benefit or advantage; (2) the defendant knew of the contract or expectancy; (3) the defendant wrongfully interfered with that contract or expectancy; (4) it is

7

reasonably probable that the loss of the contract or prospective economic gain was a result of the interference; and (5) damages resulted from the interference." *Florian Greenhouse, Inc. v. Cardinal IG Corp.*, 11 F.Supp.2d 521, 525-26 (D.N.J. 1998); *see also Printing Mart-Morristown v. Sharp Elec. Corp.*, 116 N.J. 739, 751-52, (1989).

For a claim of tortious interference with economic advantage, the plaintiff must prove "(1) that Defendant interfered with some reasonable expectation of economic advantage, (2) the interference was done intentionally and with malice, (3) the interference caused the loss of the prospective gain, and (4) but for the interference, there was a reasonable probability that plaintiff would have received the anticipated economic benefits." *See Printing Mart-Morristown v. Sharp Elec. Corp.*, 116 N.J. 739, 751-52 (1989).

The Complaint in this matter asserts that Natralite and LTL have a contractual relationship. (Compl. ¶¶ 2, 3, 19.) However, as Defendants have argued, Plaintiffs fail to allege any facts to support the assertion that the contract between Natralite and LTL was breached or lost as a result of Defendants' wrongful interference. Plaintiffs have also not alleged any facts to support the claim that they lost an economic advantage due to Defendants' malicious interference. In fact, no actionable interference with this contract is stated. Accordingly, the causes of action asserted in Claims V and VI of the Complaint are dismissed. Plaintiffs are granted leave to amend the Complaint to highlight facts sufficient to sustain the claims of tortious interference with a contractual relationship and tortious interference with economic advantage.

### B.  Corona and Valente's Motion to Dismiss

With respect to Defendants Corona and Valente, Plaintiffs claim that as corporate officers of R&R, they "played a significant role in the counterfeiting, trademark infringement, false

designation of origin and unfair competition, and tortious interference with contractual relationship and economic advantage." (Pl. Opp. 13.) The Complaint asserts that Defendants Corona and Valente are the "active, moving and conscious forces behind the alleged infringing activities of R&R." (Compl. ¶ 10.)

It is well-settled that a corporation is a separate entity from its officers and shareholders, and that "a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprises." *State Dep't. of Envtl. Prot. v. Ventron Corp.*, 94 N.J. 473, 500 (1983). In order to hold a corporate officer liable, a plaintiff must pierce the "corporate veil," which requires a showing that: (1) the corporation is organized and is operating as a mere instrumentality of a shareholder, (2) the shareholder uses the corporation to commit fraud, injustice or circumvent the law, and (3) the shareholder fails to maintain the corporate identity. *Bd. of Tr. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171-72 (3d Cir. 2002).

A corporate officer can also be held individually liable for his or her intentional torts without piercing the corporate veil. *See Ballinger v. Delaware River Port Auth.*, 172 N.J. 586, 608 (2002) (individual employees who personally participated in wrongful discharge were subject to liability); *U.S. ex rel. Haskins v. Omega Institute, Inc.*, 11 F. Supp. 2d 555 (D.N.J. 1998) (corporate officers could be held individually liable for fraudulent and false statements they made on behalf of corporation); *Borecki v. Easter Int'l Mgm't Corp.*, 694 F. Supp. 47, 59-60 (D.N.J. 1988) (finding that a corporate officer may be held liable for wrongful discharge when he made all major decisions and many minor decisions affecting the corporation, including whom to hire and fire); *Sunset Financial Resources, Inc. v. Redevelopment Group V, LLC*, Nos. 05-2914, 05-2915, 2006 WL 3675384, at *3-6 (D.N.J. Dec. 12, 2006) ("[A]n individual who personally

participates in a tort may be held individually liable for that tortious conduct even if that individual does so on behalf of his employer.").

Here, Plaintiffs have failed to plead any of the necessary elements to pierce the corporate veil. They have not asserted that R&R is a mere instrumentality of Corona and Valente; that Corona and Valente use R&R to commit fraud or to circumvent the law; or that Corona and Valente fail to maintain R&R's corporate identity.

Instead, Plaintiffs argue that Defendants Corona and Valente should be held individually liable for their intentional torts. (Pl. Opp. 13.) As stated above, case law supports a claim for individual liability for corporate officers based on their tortious conduct without resort to a piercing of the corporate veil theory. Nevertheless, in accordance with Part III.A.1 and III.A.2, *supra*, a sufficient factual basis is required to sustain Plaintiffs' claims against Corona and Valente. Plaintiff is permitted to amend the complaint with respect to all claims against Defendants Corona and Valente.

## IV.  Conclusion

Based on the reasons set forth above, the motion to dismiss on behalf of Defendant R&R, and the motion to dismiss on behalf of Defendants Corona and Valente are granted and Plaintiffs' claims are dismissed without prejudice. Plaintiffs' request for leave to amend their Complaint is granted. An appropriate Order accompanies this Opinion.


DATED: February ___, 2012

_____
**CLAIRE C. CECCHI, U.S.D.J.**